UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                          :
KYLE JIGGETTS,                                                :

                          Plaintiff,                :            13 Civ. 5353 (PAE)

                    -v-                              :            OPINION & ORDER

ALLIEDBARTON SECURITY SERVICES, LLC;      :
SERVICE EMPLOYEES INTERNATIONAL UNION, :
LOCAL 32BJ;                                       :

                        Defendants.          :
                                                       X
------------------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

     *Pro se* plaintiff Kyle Jiggetts ("Jiggetts") brings this action against AlliedBarton Security Services, LLC ("AlliedBarton") and the Service Employees International Union, Local 32BJ ("Local 32BJ").[1] Jiggetts was previously employed as a security guard for AlliedBarton. On June 30, 2010, he was laid off from that job. On or about August 15, 2010, Jiggetts learned that security guards with less seniority than he had, unlike him, been recalled by AlliedBarton. Jiggetts viewed this as violating the collective bargaining agreement ("CBA") between AlliedBarton and Jiggetts' union, Local 32BJ. On or about August 26, 2010, Jiggetts filed a grievance with Local 32BJ as to this alleged violation, but Local 32BJ decided not to use the CBA's arbitration remedy to pursue this claim on his behalf. In his Amended Complaint, Jiggetts brings two claims: that (1) AlliedBarton breached the CBA by recalling security guards

---

[1] In his original Complaint, filed in New York State court, Jiggetts named the New York City Department of Citywide Administrative Services ("DCAS") as a defendant. *See* Dkt. 1. In his Amended Complaint in this Court, Jiggetts names AlliedBarton and Local 32BJ as defendants, not DCAS, *see* Dkt. 28, and even reading the Amended Complaint liberally, it does not allege facts that would support claims against DCAS.

with less seniority than he, and (2) Local 32BJ violated its duty of fair representation, under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 159 (the "LMRA"), by refusing to arbitrate his grievance. Dkt. 28.

The defendants now each move to dismiss the Amended Complaint on the ground that Jiggetts' claims are barred by *res judicata*. For the reasons that follow, the motions are granted.

## I.   Background

This is the fifth lawsuit that Jiggetts has filed based, at least in part, on his June 30, 2010 termination by AlliedBarton and the grievance he later filed with Local 32BJ.[2]

On November 4, 2010, Jiggetts filed a complaint in New York State Supreme Court, New York County, against AlliedBarton, Local 32BJ, and the City of New York. *See Jiggetts v. Local 32BJ, SEIU, et al.*, No. 10 Civ. 9082 ("*Jiggetts I*"), Dkt. 1. On December 3, 2010, the case was removed to federal court. *Id.* In his complaint, Jiggetts alleged, as he does here, that AlliedBarton breached the CBA with Local 32BJ by recalling guards with less seniority. Jiggetts also brought a claim under the LMRA, alleging that Local 32BJ had breached its duty of fair representation by not pursuing in arbitration his claim against AlliedBarton. On September 13, 2011, Judge Batts adopted a Report and Recommendation dismissing the complaint, as relevant here, on the grounds that (1) AlliedBarton did not breach the CBA by recalling employees with less seniority; and (2) Local 32BJ was not obliged to submit Jiggetts' meritless complaint for arbitration. *Jiggetts I*, No. 10 Civ. 9082 (DAB) (JCF), 2011 WL 4056312 (S.D.N.Y. Aug. 10, 2011) *report and recommendation adopted*, 2011 WL 4072033 (S.D.N.Y. Sept. 13, 2011).

---

[2] As noted in several previous opinions in this District, Jiggetts has also filed lawsuits against the same or similar defendants on grounds factually unrelated to his termination or grievance. *See, e.g.*, *Jiggetts v. AlliedBarton Sec. Servs.*, No. 08 Civ. 4371 (JSR) (RLE), 2009 WL 1953418 (S.D.N.Y. July 7, 2009) *aff'd*, 423 F. App'x 24 (2d Cir. 2011); *Jiggetts v. Local 32BJ SEIU*, No. 09 Civ. 7243 (SHS), 2010 WL 1558561 (S.D.N.Y. Apr. 19, 2010) *aff'd*, 488 F. App'x 508 (2d Cir. 2012).

Judge Batts also adopted Judge Francis's recommendation that Jiggetts be enjoined from filing, in federal court, further claims against AlliedBarton arising out of the same facts. *See* 2011 WL 4072033, at *1 n.2. However, for reasons of comity, Judge Batts did not enjoin Jiggetts from further litigation in New York State court. *Id.*

On January 19, 2011, Jiggetts filed another complaint, in New York State Supreme Court, New York County, against AlliedBarton and DCAS. *See Jiggetts v. New York City Dep't of Citywide Adminstrative Servs., et al.*, No. 11 Civ. 1245 ("*Jiggetts II*"), Dkt. 1. On February 23, 2011, the case was removed to federal court. *Id.* In his complaint, Jiggetts alleged that: (1) he was discriminated against based on his race and a perceived disability; (2) he was retaliated against based on his union activities, EEOC complaints, and prior suits; and (3) AlliedBarton breached its CBA with Local 32BJ. *Id.* On February 27, 2012, Judge Crotty adopted a Report and Recommendation dismissing the complaint on the grounds that: (1) the claims against AlliedBarton were barred by *res judicata*, as a result of Judge Batts' decision in *Jiggetts I*; and (2) Jiggetts had failed to state federal or state claims against DCAS. *Jiggetts II*, No. 11 Civ. 1245 (PAC) (FM), 2012 WL 231566 (S.D.N.Y. Jan. 6, 2012) *report and recommendation adopted*, 2012 WL 614310 (S.D.N.Y. Feb. 27, 2012). Like Judge Batts, Judge Maas (in his Report and Recommendation) and Judge Crotty declined to extend the injunction against filings from Jiggetts to cover New York State courts. Judge Maas noted, however, that, should Jiggetts elect to file anew in state court:

> [T]he lengthy record in this forum will hopefully enable the state court to dismiss [Jiggetts'] claims without extended discussion. The proceedings to date should also enable the state court to grant AlliedBarton's request for an injunction against any further vexatious litigation in state court.

2012 WL 231566, at *11.

On June 21, 2011, Jiggetts filed another action in New York State Supreme Court, New York County, against Local 32BJ and AlliedBarton. *See Jiggetts v. Local 32BJ, SEIU, et al.*, No. 11 Civ. 4667 ("*Jiggetts III*"), Dkt. 1. On July 6, 2011, the case was removed to federal court. *Id.* On August 2, 2011, Jiggetts amended his complaint, alleging, *inter alia*, that AlliedBarton violated the CBA by recalling security guards with less seniority. *Id*. Dkt. 9. On July 17, 2012, Judge Swain granted defendants' motion to dismiss for two reasons: (1) the same claims were raised in *Jiggetts I*, and thus barred by *res judicata*; and (2) even if Jiggetts now raised claims not raised in *Jiggetts I*, they still arose "out of the same operative facts," and should have been raised in the earlier action. *Jiggetts III*, No. 11 Civ. 4667 (LTS), 2012 WL 2921857 (S.D.N.Y. July 17, 2012). On August 3, 2012, Jiggetts filed a notice of appeal. *Jiggetts III*, Dkt. 35. On November 20, 2012, the Second Circuit Court of Appeals dismissed the appeal because "it lack[ed] an arguable basis in law or fact." *Id.* Dkt. 39.

On September 8, 2011, the New York State Supreme Court, New York County, *sua sponte* dismissed Jiggetts' ex parte application to file another suit against DCAS. Cheverko Decl. Ex. H ("*Jiggetts IV*"). Justice Alice Schlesinger "decline[d] to allow Mr. Jiggetts to commence this proceeding, as it appear[ed] that he has already commenced several other cases in this Courthouse regarding the same or related issues." *Id.*

Finally, on June 21, 2013, Jiggetts filed, in New York State Supreme Court, New York County, the original Complaint in this case. Dkt. 1. On July 31, 2013, the case was removed to federal court. *Id.* On August 6, 2013, AlliedBarton and Local 32BJ filed motions to dismiss and accompanying memoranda of law. Dkt. 12–16.[3] On October 8, 2013, Jiggetts filed an Amended Complaint. Dkt. 28. On October 16, 2013, Jiggetts filed an affirmation opposing the motions to

---

[3] On August 20, 2013, defendant DCAS also moved to dismiss. Dkt. 20. However, DCAS is not pled as a defendant in the Amended Complaint. *See supra* n.1.

4

dismiss. Dkt. 30. Between October 24 and October 28, 2013, AlliedBarton and Local 32BJ submitted letters to the Court, stating that they would rely on their earlier motions to dismiss. Dkt. 32–34. On November 13, 2013, Jiggetts requested more time to respond to defendants' motions to dismiss. Dkt. 36. On November 18, 2013, the Court gave Jiggetts until December 10, 2013 to submit his opposition. Dkt. 37. No opposition was filed.

## II.     Applicable Legal Standards

The Court must accept all factual allegations in the Amended Complaint as true, and draw all reasonable inferences in favor of the nonmoving party. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999). Further, *pro se* pleadings must be read liberally and should be interpreted "to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (citing *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)).

To survive a motion to dismiss under Rule 12(b)(6), a Complaint must allege facts that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

## III.    Discussion

The only issue before this Court is whether Jiggetts' claims are barred by *res judicata*. Under this doctrine, "'a final judgment on the merits of an action precludes the parties or their

privies from relitigating issues that were or could have been raised in that action.'" *Flaherty v. Lang*, 199 F.3d 607, 612 (2d Cir. 1999) (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998)) (emphasis omitted). *Res judicata* bars a subsequent action where three conditions are met: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000); *see also Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001).

In evaluating the *res judicata* effect of a prior judgment, the Second Circuit uses a "transactional approach," under which "the first judgment will preclude a second suit only when it involves the same transaction or connected series of transactions as the earlier suit." *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997). Courts making this determination "'routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *Giannone v. York Tape & Label, Inc.*, No. 06 Civ. 6575 (JFB) (AKT), 2007 WL 1521500, at *1 (E.D.N.Y. May 23, 2007) (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)), *aff'd*, 548 F.3d 191 (2d Cir. 2008).

In this case, the three elements of *res judicata* are clearly satisfied. First, both *Jiggetts I* and *Jiggetts III* were decided on the merits. *See Teltronics Servs., Inc. v. LLM Ericcson Telecomm., Inc.*, 642 F.2d 31, 34–35 (2d Cir. 1981) (Rule 12(b)(6) judgments "are on the merits, with *res judicata* effects"). Second, Jiggetts filed both cases against the same two defendants,

AlliedBarton and Local 32BJ, whom he sues here.[4]  Third, the claims asserted here could have been, and in fact were, raised in both *Jiggetts I* and *Jiggetts III*.  In those two cases, Jiggetts' complaints asserted that AlliedBarton breached the CBA by recalling guards with less seniority and that Local 32BJ failed in its duty to arbitrate his claim.  These are the very claims Jiggetts raises here.

## CONCLUSION

Because the three elements of *res judicata* are satisfied in this case, defendants' motions to dismiss are granted.  The Clerk of Court is directed to mail a copy of this Opinion and Order to the plaintiff, to terminate the motions pending at docket numbers 2, 12, 15, and 20, and to close this case.

Defendants again seek to extend the injunction against Jiggetts to cover complaints filed in New York State Supreme Court, New York County.  Although the Court is sympathetic to defendants, who wish to bar Jiggetts from filing yet more identical, and by now vexatious, lawsuits in state court, the Court shares the concerns that such an order would offend principles of comity that were expressed by the judges in *Jiggetts I* and *Jiggetts II*.  The Court therefore declines to enjoin Jiggetts from filing in state court.  However, the Clerk of Court for the Southern District of New York is directed to bring this decision to the attention of the Clerk of Court for the Supreme Court of New York County.  *See In re Martin-Trigona*, 737 F.2d 1254, 1263 (2d Cir. 1984) ("[W]hile comity usually requires us to abstain from intrusion into state proceedings, a spirit of cooperative federalism calls upon us to alert state courts to [a plaintiff's]

---

[4] Had DCAS been named as a defendant in this lawsuit or had the Court construed the Amended Complaint to implicitly do so, the same result would inhere as to the claims against DCAS.  The complaint in *Jiggetts II* was filed against DCAS and AlliedBarton; the allegations there arose out of the same operative facts as this case.  *See Jiggetts II*, Dkt. 1.  Accordingly, any claims against DCAS arising from Jiggetts' termination and later grievance either were raised, or could have been raised, in *Jiggetts II*.

past activities so they may take judicial notice of matters relevant to new litigation brought by him.").

The Supreme Court of New York County may wish to consider entry of an appropriate order addressing whether, or if so under what circumstances, future lawsuits along the same lines by Jiggetts would be permitted to be filed in that Court. This Court, from time to time, has issued such orders as to lawsuits filed here from litigants whose pleadings have proved duplicative and contumacious. *See, e.g.*, *McKoy v. Donahue*, No. 11 Civ. 2488 (GBH), 2012 WL 1416873, at *3 (S.D.N.Y. Apr. 23, 2012) ("Plaintiff may not file any further actions against the USPS or its employees for matters related to his employment at the USPS, or against the EEOC for how it handled his discrimination complaints against the USPS."); *Lipin v. Hunt*, 573 F. Supp. 2d 836, 845–46 (S.D.N.Y. 2008) ("Ms. Lipin is enjoined from further litigation of any claims relating to her father's coin collection, the Moose Pond property, actions taken in connection with her father's estate or estate property, or actions taken in connection with legal proceedings involving her father's estate or estate property, without first obtaining leave of this Court, except to submit papers responding to a submissions by a defendant, or, when appropriate, to seek appellate review of a decision."); *Schwartz v. Nordstrom, Inc.*, No. 94 Civ. 1005 (CSH), 1994 WL 584676, at *4 (S.D.N.Y. Oct. 25, 1994) ("In order to put an end to his vexatious litigation which harms not only the named defendants but the integrity of the judicial process, plaintiff is hereby enjoined from filing further lawsuits against Nordstrom, its employees or its attorneys in this district without first receiving permission from a judge of this Court.").

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

_Paul A. Engelmayer_
Paul A. Engelmayer
United States District Judge

Dated: February 3, 2014
      New York, New York